(June 5, 1903.)

## CASH HARDWARE COMPANY v. SWEENEY.

[72 Pac. 826.]

VERDICT OF JURY—CONFLICT OF EVIDENCE.

    1. Where there is a substantial conflict in the evidence the verdict of the jury will not be disturbed.

(Syllabus by the court.)

APPEAL from the District Court of Nez Perce County. Honorable Edgar C. Steele, Judge.

Action to recover on notes and accounts. Judgment for plaintiff. Affirmed.

The facts are stated in the opinion.

George W. Tannahill, for Appellant, cites no authorities upon the point decided by the court.

McFarland & McFarland, for Respondent, cite no authorities upon the point upon which the court decided the case.

SULLIVAN, C. J.—This action involves the question of novation of notes and accounts.

It appears that the partnership of Hensel & Story had purchased certain machinery and hardware from the respondent, and that respondent had guaranteed the payment of a certain promissory note of $200, the proceeds of which had been used by said partnership in the payment of freight charges on said machinery, and that appellant thereafter purchased said machinery and hardware from said partnership. And it is alleged in the complaint that it was mutually agreed between said Hensel & Story and appellant and respondent that appellant should pay said Hensel & Story's indebtedness to appellant as a part of the consideration of said sale, and that respondent thereupon released said Hensel & Story and accepted the appellant as its debtor for the sum due it from Hensel & Story. The answer put in issue the allegations of the complaint.

The cause was tried by the court with a jury and verdict and judgment were rendered and entered in favor of the respondent. This appeal is from the judgment and the order denying a new trial.

The brief of appellant does not comply with the provisions of paragraph 1 of rule 6 of the rules of this court, in that it fails to contain a distinct enumeration of the several errors relied upon. In it, however, are discussed several errors, and we shall only consider those discussed in the brief.

The insufficiency of the evidence to justify the verdict is assigned as error, but the statement on motion for a new trial fails to specify or designate the particulars wherein the evidence is insufficient to justify or sustain the verdict. However, we have examined the evidence very carefully and find a most decided conflict therein, and it has often been held by this court that where there is a substantial conflict in the evidence the verdict of the jury would not be set aside. We think the evidence amply sustains the verdict and shows a novation. We have examined the several specifications of error in regard to the rejection and admission of evidence and find no reversible error in the rulings of the court therein. The same is true of the action of the court in striking the answer of witness Hensel to a question propounded to him while on witness-stand.

The judgment must be affirmed and it is so ordered.

Costs of the appeal are awarded to respondent.

Stockslager and Ailshie, JJ., concur.